OPINION OF THE COURT
Anthony J. Fiorella, J.
Petitioner instituted this Housing Part (HP) action seeking a corrective order against the respondent to make necessary *419 repairs to her apartment and to install a stove and refrigerator. In opposition to this proceeding, respondent submits a memorandum of law contending that petitioner lacks standing to institute this proceeding.
FACTUAL BACKGROUND
In this case, petitioner’s allegation is based on the fact that she has no stove or refrigerator in her apartment resulting in the deprivation of essential amenities which impairs her occupancy. While every owner is required to remove previously filed violations of record, petitioner herein is not the lawful tenant of the premises which would require the respondent to provide essential services and items to the apartment. The proof at the hearing of this motion on whether petitioner is a legal tenant clearly revealed that she possessed no legal right or authority to enter the premises. Under examination by the court, petitioner admitted without equivocation that she indeed entered this vacant apartment without authority or permission from the respondent. She simply stated that she was in need of an apartment. She found this apartment vacant and simply decided to move in with her possessions. When management for the respondent discovered that petitioner occupied the apartment without its permission, it immediately commenced a holdover proceeding contending that petitioner was a squatter and entered the premises unlawfully. The sole issue before the court is whether respondent, City of New York, is obligated under law to provide petitioner with a new stove and refrigerator and make necessary repairs. To this issue the court responds in the negative.
LEGAL ANALYSIS
The Housing Maintenance Code (Administrative Code of City of NY, tit 27, ch 2), in a series of sections added when the Housing Court was established in 1972, created a structure for code enforcement by the issuance of violations and the imposition of civil penalties. Part of that enforcement mechanism allows actions to be brought by tenants or a group of tenants to remedy conditions in their buildings. If a violation has been issued by the Department of Housing Preservation and Development (DHPD) and it has not been corrected (or there has been a false certification of correction) or "[there] is a condition constituting a violation”, the court "shall direct the owner to correct” the condition or violation. (Administrative *420 Code § 27-2115 [f] [4]; [h], [i].) Pursuant to those provisions, thousands of tenant-initiated actions, known as "HP” or Housing Part actions, are commenced yearly.
The court has, and regularly does, issue orders directing "owners” as that term is defined (Administrative Code § 27-2004 [45]; Multiple Dwelling Law § 4 [44]), to remove violations or "conditions constituting violations” at the premises. (See, Various Tenants of 515 E. 12th St. v 515 E. 12th St, 128 Misc 2d 235; Rosenthal v Helfer, 136 Misc 2d 9.) Upon the owner’s failure to remove the "conditions” or violations the court shall "assess penalties as provided in subdivision (a) of this section”. (Administrative Code § 27-2115 [i].)
DETERMINATION
Diligent research fails to disclose any case law on this specific issue. While it is unfortunate that some may be unable to secure proper shelter during these difficult times, the court can neither condone nor legitimize petitioner’s flagrant conduct.
Respondent argues that the City had no legal obligations to assist petitioner since there is a waiting list of preapproved applicants who have qualified for such apartments in this low and middle income project. Moreover respondent, City of New York, states that this apartment and other vacant apartments in the building are scheduled for complete renovation. Petitioner’s contention that she is willing to make necessary repairs to the apartment is unpersuasive and of no merit. To grant petitioner legal standing before the court in light of her adverse admissions at the hearing would be incongruous and completely unfair to those preapproved applicants who distinctly have a legal priority over those individuals who assume occupancy of an apartment without regard to their legal status or due process of law. Common sense and fairness dictate that a squatter who enters the premises without legal permission or authority from the respondent should not be elevated or accorded any greater rights than she has under law. (2 Rasch, New York Landlord and Tenant — Summary Proceedings §§ 35:12, 35:13 [3d ed].) Petitioner’s possession of the apartment was not based on color of right or consent but more specifically as a squatter.
*421 CONCLUSION
Based upon the foregoing discussion and the credible testimony adduced at the hearing, the court denies petitioner’s motion in toto and dismisses the instant HP action with prejudice.